IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY TREVON KORNEGAY, #A1004943,<br><br>Plaintiff,<br><br>vs.<br><br>STG. SRGT. CHRISTOPHER GILBERT, *et al*.,<br><br>Defendants. | CIVIL NO. 26-00058 DKW-RT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

Before the Court is pro se Plaintiff Anthony Kornegay's First Amended

Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983 (FAC).[1]

ECF No. 11.  In the FAC, Kornegay alleges that while he was a pretrial detainee at

Oahu Community Correctional Center (OCCC), three prison officials violated his

rights by threatening his safety (Count I), using excessive force (Count II), and

denying him adequate medical care (Count III).[2]  *Id.* at Pages 5–7.  After

---

[1] Kornegay is currently incarcerated at Halawa Correctional Facility.  *See* ECF No. 11 at Page 1; VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1004943"; and select "Search") (last visited June 2, 2026).

[2] Kornegay names as defendants: (1) Security Threat Group (STG) Sergeant (Sgt.) Christopher Gilbert; (2) Sgt. J. Dardeen; and (3) Registered Nurse Matthew Hubbard.  ECF No. 11 at Pages 1–2.  Kornegay names all three defendants in their individual capacities.  *Id.*

conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court DISMISSES the FAC with leave to amend.  If Kornegay wants to proceed, he must file an amended pleading that cures the below-described deficiencies in his claims on or before **June 30, 2026**.  Alternatively, instead of filing an amended pleading, Kornegay may inform the Court in writing on or before **June 30, 2026** that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).[3]

## I.    **<u>BACKGROUND</u>**[4]

In August 2025, Sgt. Gilbert housed Kornegay with "known [enemies] and previous attackers."  ECF No. 11 at Page 5.  Because of the housing assignment, Kornegay experienced "extreme mental and physical [duress]."  *Id.*

On September 16, 2025, Sgt. Dardeen broke Kornegay's right hand and injured Kornegay's right foot, left knee, and lower back.  *Id.* at Page 6.  According to Kornegay, he was running from "attackers" when Sgt. Dardeen restrained him

---

[3]In general, 28 U.S.C. § 1915(g) prohibits a prisoner from filing a civil action in forma pauperis if he or she has on three or more occasions brought an action in federal court that was dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted.

[4]The FAC alleges the following facts, which the Court accepts as true for the purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014).

and swung him back and forth and up and down.  *Id.*  During the incident, some of Kornegay's bottom teeth were knocked out.  *Id.*

On the day of the incident involving Sgt. Dardeen, Kornegay told Nurse Hubbard that his teeth had been knocked out, and that he was experiencing headaches, dizziness, and blurred vision.  *Id.* at Page 7.  Despite Kornegay's obviously swollen hand and foot, Nurse Hubbard decided not to send him out for additional medical care.  *Id*.  According to Kornegay, he was given "no pain relief for 18 days."  *Id.*

Kornegay commenced this lawsuit after signing the original Complaint on January 13, 2026.  ECF No. 1 at Page 8.  The Court dismissed the original Complaint on March 10, 2026.  ECF No. 6.  In doing so, the Court explained that the Eleventh Amendment barred Kornegay's claims for damages against the prison officials in their official capacities, and that unrelated claims could not be joined in the same lawsuit.  *Id.* at Pages 5–8.  The Court also provided Kornegay with information regarding the applicable statute of limitations and legal standards for his claims.  *Id.* at Pages 8–15.

On May 26, 2026, the Court received the FAC.  ECF No. 11.  In the FAC, Kornegay again alleges that Sgt. Gilbert, Sgt. Dardeen, and Nurse Hubbard violated his rights by threatening his safety (Count I), using excessive force (Count II), and denying him adequate medical care (Count III).  *Id.* at Pages 5–7.

3

Kornegay seeks $9 million in damages—that is, $3 million from each of the three defendants. *Id.* at Page 8.

## II.   STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.   DISCUSSION

### A.   Legal Framework for Claims under 42 U.S.C. § 1983

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

### B.   Joinder

Kornegay's claims appear to arise out of the following two distinct events: (1) Sgt. Gilbert's housing decision for Kornegay (Count I), and (2) Sgt. Dardeen's excessive use of force during an incident on September 16, 2025 (Count II), and

5

the medical care rendered by Nurse Hubbard to Kornegay immediately thereafter (Count III).  ECF No. 11 at Pages 5–7.

As the Court previously explained to Kornegay, when a single defendant is named in a lawsuit, a party may bring as many claims as it has against that defendant.  Fed. R. Civ. P. 18(a).  "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010).  Rule 20(a)(2) allows multiple defendants to be joined in one action only if (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2)(A), (B).  "Unrelated claims involving different defendants belong in different suits."  *What v. Honolulu Police Dep't*, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

If Kornegay decides to file another amended complaint, he must make clear the connection, if any, between his claim in Count I and his claims in Counts II and III.  Kornegay may state several claims against a single defendant. Fed. R. Civ. P. 18.  He may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).  Kornegay may not,

however, pursue a combination of unrelated claims in a single suit.  *See Char v. Kaiser Hosp.*, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions.").  The fact that Kornegay's claims are all based on events that occurred at OCCC, without more, is not enough to join them in a single lawsuit.  *See Woolen v. Ramos*, 2024 WL 3361116, at *4 (D. Haw. July 10, 2024).  An attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.  In deciding which claim or claims, if any, he wants to pursue in this lawsuit, Kornegay must again consider the following legal standards.

## C.      Threat to Safety

Kornegay alleges in Count I that Sgt. Gilbert threatened his safety by housing him with "known [enemies] and previous attackers."  ECF No. 1 at Page 5.

A threat-to-safety claim of a pretrial detainee arises under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).  To establish a threat-to-safety claim under the Fourteenth Amendment, the plaintiff must show that:

> (1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose

conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks, brackets, and citations omitted).  A pretrial detainee who asserts a threat-to-safety claim must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

At this point, Kornegay has not plausibly alleged that Sgt. Gilbert's housing decision placed him at substantial risk of suffering serious harm.  Nor has he alleged facts showing that Sgt. Gilbert's housing decision was objectively unreasonable under the circumstances.  For example, Kornegay does not allege any facts suggesting that a reasonable officer in the circumstances would have appreciated a high risk to Kornegay's safety.

**D.    Excessive Force**

Kornegay alleges in Count II that Sgt. Dardeen used excessive force during an incident on September 16, 2025.  ECF No. 11 at Page 6.

A pretrial detainee's excessive force claim also is analyzed under the Fourteenth Amendment's Due Process Clause.  As the Supreme Court has stated, "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one."  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  Under this standard, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  *Id.* at 396-97.  In assessing reasonableness, relevant considerations include the relationship between the need for the use of force and the amount of force used, the extent of plaintiff's injury, any effort made by the officer to temper or limit the amount of force, the severity of the security problem at issue, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting.  *Id.* at 397.

At this point, Kornegay has not adequately described the circumstances surrounding Sgt. Dardeen's use of force.  Although Kornegay states that he was running from "attackers," he does not say why Sgt. Dardeen swung him from side to side and up and down.  Nor is it clear from the FAC how Sgt. Dardeen's actions caused Kornegay's various injuries.  Finally, Kornegay does not describe how he responded to being restrained by Sgt. Dardeen.

### E.    Medical Care

Kornegay alleges in Count III that Nurse Hubbard denied him adequate medical care immediately after his encounter with Sgt. Dardeen.  ECF No. 11 at Page 7.

Medical care claims brought by pretrial detainees also arise under the Fourteenth Amendment's Due Process Clause.  *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).  "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard."  *Id.* at 1124–25.

A pretrial detainee asserting a failure-to-provide-adequate-medical-care claim must show that: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.  *Id.* at 1125.

Regarding the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case." *Id.* (quotation marks and citation omitted) (alteration in original).  The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment"; the plaintiff must "prove more than negligence but less than subjective intent— something akin to reckless disregard." *Id.* (internal quotation marks and citation omitted).

Here, Kornegay has not said how Nurse Hubbard's decisions put him at substantial risk of suffering serious harm.  Nor has Kornegay plausibly alleged that Nurse Hubbard's conduct was objectively unreasonable.  To the extent Kornegay alleges that he endured eighteen days with "no pain relief," he does not allege that he asked Nurse Hubbard for pain medication on the day of the incident, nor does he allege that he asked Nurse Hubbard for additional treatment after the incident.  Although Kornegay may disagree with Nurse Hubbard's decisions, that is not enough to state a medical care claim under the Fourteenth Amendment.  *See Penque v. Dep't of Pub. Safety*, No. CV 20-00338 DKW-WRP, 2020 WL 7322721, at *6 (D. Haw. Dec. 11, 2020) ("[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

11

## IV.   LEAVE TO AMEND

The FAC, ECF No. 11, is DISMISSED with leave to amend.  Kornegay must file any amended pleading on or before **June 30, 2026**.  Kornegay may not expand his claims beyond those already alleged herein or add new claims without explaining how those new claims relate to the claims alleged in the FAC.  Claims that do not properly relate to those in the FAC are subject to dismissal.

Kornegay must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  28 U.S.C. § 1915(g)

If Kornegay fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. §1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1) The Court DISMISSES the FAC, ECF No. 22, with leave to amend.

(2) If Kornegay wants any of his claims for money damages against Defendants in their personal capacities to proceed, he must file an amended pleading that cures the noted deficiencies in those claims on or before **June 30, 2026**.

(3) ALTERNATIVELY, instead of filing an amended pleading, Kornegay may inform the Court in writing on or before **June 30, 2026** that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

13

(4) Failure to comply with these deadlines may result in AUTOMATIC DISMISSAL of this suit without further notice, and Kornegay may incur a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Kornegay a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: June 2, 2026 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
_____
Derrick K. Watson
Chief United States District Judge

---

*Anthony Trevon Kornegay v. Stg. Srgt. Christopher Gilbert, et al.*; Civil No. 26-00058 DKW-RT; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**