IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY TREVON KORNEGAY, #A1004943,<br><br>Plaintiff,<br><br>vs.<br><br>STG. SRGT. CHRISTOPHER GILBERT, *et al.*,<br><br>Defendants. | CIVIL NO. 26-00058 DKW-RT<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION |

Before the Court is pro se Plaintiff Anthony Kornegay's Second Amended Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983 (SAC).[1] ECF No. 13.  In the SAC, Kornegay alleges that while he was a pretrial detainee at Oahu Community Correctional Center (OCCC), three prison officials violated his rights by threatening his safety (Count I), using excessive force (Count II), and denying him adequate medical care (Count III).[2]  *Id.* at Pages 2, 6–7.  After

___

[1]Kornegay is currently incarcerated at Halawa Correctional Facility.  *See* ECF No. 13 at Page 1; VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1004943"; and select "Search") (last visited June 26, 2026).

[2]Kornegay names as defendants: (1) Security Threat Group (STG) Sergeant (Sgt.) Christopher Gilbert; (2) Sgt. J. Dardeen; and (3) Registered Nurse Matthew Hubbard.  ECF No. 13 at Pages 1, 3.  Kornegay names Sgt. Dardeen and Nurse Hubbard in their individual capacities, and, although he did not indicate that he is doing the same for Sgt. Gilbert, *id.*, that appears to have been an oversight*, see id.* at Page 8 (stating that Kornegay is seeking damages from each

conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court DISMISSES the SAC.  Because the SAC suffers from the same flaws that the Court identified and instructed Kornegay to correct in dismissing his two earlier pleadings, the Court finds that granting further leave to amend would be futile and is not warranted.  This dismissal is, therefore, with prejudice and without leave to amend.

## I.    **<u>BACKGROUND</u>**[3]

Despite Kornegay's "constant" requests for protective custody, Sgt. Gilbert housed him, on an unspecified date, in a housing module where Kornegay had been "attacked . . . numerous times."  ECF No. 13 at Page 6.  Because of the housing assignment, Kornegay experienced "mental duress."  *Id.*

At some point, Sgt. Dardeen broke Kornegay's right hand and foot, and injured his left knee and lower back.  *Id.* at Page 7.  According to Kornegay, he sustained the injuries "during an attack by [his] attackers."  *Id.*

Apparently after the incident involving Sgt. Dardeen, Kornegay was seen by Nurse Hubbard, who denied him "appropriate" medical care, despite Kornegay's

---

Defendant in their "individual capacity").  The Court therefore construes each claim as being made against the corresponding Defendant in his individual capacity.
[3]The FAC alleges the following facts, which the Court accepts as true for the purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014).

"obvious injuries," including a swollen hand and foot.  *Id.* at Page 2.  Eighteen

days passed before Kornegay was sent to Pali Momi Medical Center.  *Id.*

Kornegay commenced this lawsuit after signing the original Complaint on

January 13, 2026.  ECF No. 1 at Page 8.  The Court dismissed the original

Complaint on March 10, 2026.  ECF No. 6.  In doing so, the Court explained that

the Eleventh Amendment barred Kornegay's claims for damages against prison

officials in their official capacities, and that unrelated claims could not be joined in

the same lawsuit.  *Id.* at Pages 5–8.  The Court also provided Kornegay with

information regarding the applicable statute of limitations and legal standards for

all his claims.  *Id.* at Pages 8–15.

On May 26, 2026, the Court received the FAC.  ECF No. 11.  The Court

dismissed that pleading on June 2, 2026.  ECF No. 12.  In doing so, the Court

again explained that Kornegay's claims appeared to arise out of two distinct events

and therefore could not be joined in the same lawsuit.  *Id.* at Pages 5–7.  The Court

further explained that Kornegay's threat-to-safety claim could not proceed because

he failed to allege that Sgt. Gilbert's housing decision placed him at substantial

risk of suffering serious harm, nor had he alleged facts showing that Kornegay's

placement was objectively unreasonable.  *Id.* at Pages 7–8.  Regarding Sgt.

Dardeen's alleged use of excessive force, the Court highlighted that Kornegay

failed to describe adequately the circumstances surrounding Sgt. Dardeen's use of

force or how the officer's actions caused Kornegay's injuries. *Id.* at Pages 8–9. Finally, the Court concluded that Kornegay failed to state a medical care claim against Nurse Hubbard because Kornegay failed to show how the nurse's actions put him at substantial risk of suffering serious harm or how the nurse's actions were objectively unreasonable. *Id.* at Pages 10–11. The Court gave Kornegay another opportunity to cure the defects in his claims. *Id.* at Page 12.

The Court received the SAC on June 24, 2026. ECF No. 13. In the SAC, Kornegay again alleges that Sgt. Gilbert, Sgt. Dardeen, and Nurse Hubbard violated his rights by threatening his safety (Count I), using excessive force (Count II), and denying him adequate medical care (Count III). *Id.* at Pages 2, 6–7. Kornegay seeks $9 million in damages—that is, $3 million from each of the three defendants. *Id.* at Page 8.

## II.   **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III.   DISCUSSION

### A.   Legal Framework for Claims under 42 U.S.C. § 1983

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting

42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

**B.     Joinder**

Again, Kornegay's claims appear to arise out of the following two distinct events: (1) Sgt. Gilbert's housing decision for Kornegay (Count I), and (2) Sgt. Dardeen's use of excessive of force (Count II), and the subsequent medical care rendered by Nurse Hubbard (Count III).  ECF No. 13 at Pages 2, 6–7.

As the Court previously explained to Kornegay, when a single defendant is named in a lawsuit, a party may bring as many claims as it has against that defendant.  Fed. R. Civ. P. 18(a).  "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010).  Rule 20(a)(2) allows multiple defendants to be joined in one action only if (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2)(A), (B).  "Unrelated claims involving different defendants belong

6

in different suits." *What v. Honolulu Police Dep't*, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

Although the Court instructed Kornegay to make clear any connection between his claim in Count I and his claims in Counts II and III, he has not done so. The fact that Kornegay's claims are all based on events that occurred at OCCC, without more, is not enough to join them in a single lawsuit. *See Woolen v. Ramos*, 2024 WL 3361116, at *4 (D. Haw. July 10, 2024). He cannot pursue a combination of unrelated claims in a single suit. *See Char v. Kaiser Hosp.*, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."). In addition to running afoul of the joinder rules, as explained below, the SAC must also be dismissed because Kornegay fails to state any plausible claim for relief.

## C.    Threat to Safety

Kornegay alleges in Count I that Sgt. Gilbert threatened his safety by housing him in a module where he had been "attacked . . . numerous times." ECF No. 13 at Page 6.

A threat-to-safety claim of a pretrial detainee arises under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause. *Castro v. County of Los Angeles*, 833 F.3d

1060, 1071 (9th Cir. 2016) (en banc).  To establish a threat-to-safety claim under the Fourteenth Amendment, the plaintiff must show that:

> (1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks, brackets, and citations omitted).  A pretrial detainee who asserts a threat-to-safety claim must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Again, Kornegay has not plausibly alleged that Sgt. Gilbert's housing decision placed him at substantial risk of suffering serious harm.  Kornegay does not say when he was previously attacked, who attacked him, how he was attacked, or how he was injured.  Nor has he alleged other facts showing that he faced a substantial risk of serious harm.  In addition, Kornegay has not adequately alleged that Sgt. Gilbert's housing decision was objectively unreasonable under the

8

circumstances.  For example, Kornegay does not allege any facts suggesting that a reasonable officer in the circumstances would have appreciated a high risk to Kornegay's safety.  Kornegay's threat-to-safety claim against Sgt. Gilbert in Count I is therefore DISMISSED.

**D.     Excessive Force**

Kornegay alleges in Count II that Sgt. Dardeen used excessive force.  ECF No. 13 at Page 7.

A pretrial detainee's excessive force claim also is analyzed under the Fourteenth Amendment's Due Process Clause.  As the Supreme Court has stated, "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  Under this standard, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97.  In assessing reasonableness, relevant considerations include the relationship between the need for the use of force and the amount of force used, the extent of plaintiff's injury, any effort made by the officer to temper or limit the amount of force, the severity of the security problem at issue, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting. *Id.* at 397.

Once more, Kornegay has not adequately described the circumstances surrounding Sgt. Dardeen's use of force.  Although Kornegay states that Sgt.

9

Dardeen used "extreme and excessive force" during "an attack by [Kornegay's] attackers," ECF No. 13 at Page 7, he does not say what exactly Sgt. Dardeen did to injure him. Nor is it clear that Sgt. Dardeen's actions caused Kornegay's various injuries, instead of Kornegay's attackers. Finally, Kornegay does not say if he complied with any instructions given by Sgt. Dardeen or otherwise resisted any attempts by Sgt. Dardeen to restrain him. Kornegay's excessive force claim against Sgt. Dardeen in Count II is therefore DISMISSED.

## E.   Medical Care

Kornegay alleges in Count III that Nurse Hubbard denied him adequate medical care, apparently after Kornegay's encounter with Sgt. Dardeen. ECF No. 13 at Page 2.

Medical care claims brought by pretrial detainees also arise under the Fourteenth Amendment's Due Process Clause. *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Id.* at 1124–25.

A pretrial detainee asserting a failure-to-provide-adequate-medical-care claim must show that: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put

the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125.

Regarding the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case." *Id.* (quotation marks and citation omitted) (alteration in original). The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment"; the plaintiff must "prove more than negligence but less than subjective intent— something akin to reckless disregard." *Id.* (internal quotation marks and citation omitted).

Despite the Court's earlier guidance, Kornegay still has not said how Nurse Hubbard's decisions put him at substantial risk of suffering serious harm. Nor has Kornegay plausibly alleged that Nurse Hubbard's conduct was objectively unreasonable. Kornegay does not say what he communicated to Nurse Hubbard or when he did so. To the extent Kornegay alleges that eighteen days passed before he was sent to an outside medical center, he alleges no facts suggesting that Nurse

11

Hubbard caused the delay.  Although Kornegay may disagree with Nurse Hubbard's treatment decisions, that is not enough to state a claim under the Fourteenth Amendment.  *See Penque v. Dep't of Pub. Safety*, No. CV 20-00338 DKW-WRP, 2020 WL 7322721, at *6 (D. Haw. Dec. 11, 2020) ("[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").  Kornegay's medical care claim against Nurse Hubbard in Count III is DISMISSED.

## IV.   <u>LEAVE TO AMEND IS DENIED</u>

Ordinarily, the Court permits pro se plaintiffs leave to amend where doing so would allow plaintiffs to cure the identified deficiencies in a pleading.  *See* Fed. R. Civ. P. 15(a)(2).  But a court has the discretion to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation modified).

Here, the Court has already given Kornegay two opportunities to amend his pleading.  The Court explained in its prior orders how Kornegay could cure the identified deficiencies in his prior pleadings, so that he would be able to fix those issues via amendment.  But Kornegay's SAC suffers from the same flaws as his

earlier pleadings.  Because Kornegay already had two opportunities to amend his claims after receiving ample guidance from the court, and has still failed to cure the identified deficiencies, the court DENIES further leave to amend.

## V.      STRIKES UNDER 28 U.S.C. § 1915(G)

Kornegay is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.      CONCLUSION

(1) The SAC, ECF No. 13, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Because Kornegay has been unable to state a colorable claim for relief—despite explicit guidance from the Court on how to do so—the Court finds that granting further leave to amend is not warranted.  The SAC is therefore DISMISSED without leave to amend, and this dismissal constitutes a strike under 28 U.S.C. § 1915(g).

13

(3) The Court CERTIFIES that an appeal from this Order would be frivolous and, therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir.1977) (stating that indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(4) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: June 26, 2026 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
_____
Derrick K. Watson
Chief United States District Judge

---

*Anthony Trevon Kornegay v. Stg. Srgt. Christopher Gilbert, et al.*; Civil No. 26-00058 DKW-RT; **ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION**